IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EFREN ZUNIGA, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-0144 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner EFREN ZUNIGA, JR. By his habeas application, petitioner challenges his conviction for the felony offense of driving while intoxicated out of the 108th Judicial District Court of Potter County, Texas, and the resultant 20-year sentence.[1] The undersigned United States Magistrate Judge recommends petitioner's habeas application be DENIED.

I.
STATEMENT OF FACTS/
PROCEDURAL HISTORY

Petitioner directly appealed his conviction to the Court of Appeals for the Seventh

---

[1] The indictment alleged a prior conviction of an offense relating to the operating of a motor vehicle while intoxicated, as well as a prior felony conviction of the offense of driving while intoxicated.

HAB54\R&R\ZUNIGA-144:2

District of Texas arguing (1) factual insufficiency to support his conviction, and (2) trial court error in admitting hearsay evidence. *Zuniga v. State*, No. 07-05-0469-CR (Tex.App.–Amarillo December 21, 2007) (unpublished). In its opinion, the state appellate court summarized the facts as follows:

> Appellant Efren Zuniga, Jr., was charged with driving while intoxicated, enhanced by prior convictions, following a motor vehicle accident. A jury convicted him of the offense and assessed punishment at twenty years confinement in the Texas Department of Corrections Institutional Division. Contending the evidence supporting his conviction was factually insufficient, appellant appeals. We will affirm.
>
> At around 1:30 a.m. on April 11, 2005, Amarillo police, fire and emergency medical personnel were dispatched to a one-car motor vehicle accident in the eastbound lane of Interstate 40 in Amarillo. At the scene, the response personnel found a heavily damaged automobile resting in the left hand, eastbound, lane along the concrete median divider. It appeared the vehicle struck the divider, changed direction, and then came to rest approximately fifty feet from the point of impact. The vehicle was not occupied.
>
> As he arrived at the accident scene, Amarillo Police Department Officer Steven Williams noticed bystanders, later identified as Bryan Burney, Jason Puckett, and a female believed to be the wife of Puckett or Burney, standing on the grassy median near the accident location waving and gesturing. The three bystanders spoke over one another as they tried to direct Officer Williams to the driver of the accident vehicle.
>
> Police and EMS encountered appellant in a nearby used car lot. Appellant presented with a significant scalp wound, lacerations, and blood on his face. They noted on appellant the smell of an alcoholic beverage and he exhibited slurred and incoherent speech and bloodshot, glassy eyes. With concern for a possibly serious head injury, EMS personnel rapidly transported appellant to a local hospital. A sample of appellant's blood drawn at the hospital revealed a blood alcohol concentration of 0.34.
>
> Appellant was arrested and indicted for driving while intoxicated. A jury found him guilty of this offense and, finding prior like convictions, set his punishment at twenty years confinement in the Institutional Division of the Texas Department of Corrections. Appellant timely appealed.

*Zuniga v. State*, No. 07-05-0469-CR at *1.

In his sole issue on appeal, petitioner argued "[t]he evidence was factually insufficient to allow for a conviction of driving while intoxicated because the State failed to prove the element of [petitioner's] driving without the use of improperly admitted hearsay evidence."

The state appellate court first addressed petitioner's argument that the trial court erroneously admitted hearsay evidence, determining:

> In a prosecution for driving while intoxicated, the State must prove the accused was intoxicated while operating a motor vehicle in a public place and, for enhancement, that he had two prior driving while intoxicated convictions. See Tex. Penal Code Ann. §§ 49.04(a), 49.09(b) (Vernon 2003).
>
> Appellant's factual sufficiency argument on appeal focuses on the evidence that he was the operator of the vehicle involved in the accident. Appellant argues the only evidence tending to identify him as operator of the accident vehicle was Officer Williams' hearsay testimony that bystanders at the scene reported they saw appellant "exit the vehicle." We disagree.
>
> The exchange appellant references is as follows:
>
> Q. [Prosecutor]: Okay. And did these people indicate to you who the driver was?
>
> A. They said there was a-
>
> [Defense Counsel]: Objection, Your Honor; hearsay.
>
> After argument, and a bench conference concerning admissibility of the statement under the present sense impression exception to the hearsay rule, Tex.R. Evid. 803(1), the court overruled the objection and witness examination resumed.
>
> Q. [Prosecutor]: Corporal Williams, what did those witnesses tell you?
>
> A. The witnesses stated that the subject they had seen exit the vehicle was currently over on the access road, I believe it is I-40 and Wilson. There's Harbor Freight, and then there's a small car dealership. I'm not sure of the name of it. But they said he was by the vehicles that were parked in the car dealership parking lot.
>
> Assuming, but without deciding, the trial court erred in allowing Officer Williams' testimony that bystanders reportedly saw appellant exit the vehicle, such error was harmless. "If the fact to which the hearsay relates is sufficiently

proved by other competent and unobjected to evidence, . . . the admission of the hearsay is properly deemed harmless and does not constitute reversible error." Unobjected-to evidence, which we discuss below in consideration of appellant's factual sufficiency claim, identifies appellant as the driver of the accident vehicle.[2]

*Zuniga v. State*, No. 07-05-0469-CR at *1-2 (citations omitted).

In addressing petitioner's argument that the evidence was factually insufficient to establish petitioner as the operator of the accident vehicle, the state appellate court determined:

> Review of the record shows several of the State's witnesses provided, without objection, evidence establishing appellant as the driver of the accident vehicle at the time of the accident. Paramedic Jason Varnon testified that when he arrived at the accident scene he was directed to appellant. He said appellant had a significant facial wound, lacerations, and blood on his face. When Officer Williams arrived, he encountered bystanders who "were volunteering information as to the location of the driver of the vehicle that they saw exit the vehicle." Officer Pacheco arrived shortly after Officer Williams and observed the bystanders "hollering at us and pointing to the south."
>
> Jason Puckett, one of the three bystanders, told Officer Williams that he saw the accident through the rearview mirror of his car and returned to offer assistance. Williams said Puckett told him he found a Hispanic male slumped over in the driver's seat of the accident vehicle, bleeding from the head. He attempted to keep the man from moving but the individual climbed from the vehicle and ran to a nearby car lot. Williams said one of the bystanders described this person as a Hispanic male, in his twenties, wearing a white shirt and blue jeans. Williams further testified that a man fitting this description - white shirt, blue jeans, and major head injury was the individual he encountered at the car lot. At trial, he identified this man as appellant.
>
> Williams also testified that his observation of the location of blood in the accident vehicle was consistent with Puckett's description. Photographs admitted at trial depicted the severity of impact on the driver's side of the vehicle, damage to its dash, blood on the driver's seat, and blood splatters on the passenger side. An emergency room narrative dated April 11, 2005, states that appellant "does not remember the incident" but also reports that appellant was the sole occupant of the accident vehicle. At trial, Williams opined that based on his consideration of the evidence, appellant was the only occupant of the accident vehicle.

---

[2]Petitioner also argued the use of hearsay evidence violated the Confrontation Clause of the Sixth Amendment to the U.S. Constitution. The appellate court found counsel did not adequately preserve for review a contention that admission of the testimony would violate petitioner's rights under the Confrontation Clause. *Zuniga v. State*, No. 07-05-0469-CR at *4.

> Appellant called no witnesses but cross-examined the State's witnesses and offered photographs of appellant's injuries and the accident scene. On cross-examination of officer Williams, appellant developed testimony that the accident scene was dark, no one saw appellant driving the accident vehicle, by necessity Puckett had to look back into the headlights of appellant's vehicle as he observed the accident, that Puckett did not have sight of the accident vehicle at all times, and that during the time it took Puckett to return to the scene, someone could have exited the vehicle and fled. A photograph of the vehicle's interior revealed a bottle of beer on the floor of the passenger side. On cross-examination of officer Pacheco, it came to light that his accident report noted appellant said his girlfriend was in the vehicle.
>
> We must afford "due deference" to a jury's determinations. "Although an appellate court reviewing factual sufficiency has the ability to second-guess the jury to a limited degree, the review should still be deferential, with a high level of skepticism about the jury's verdict required before a reversal can occur." Here, the jury heard the testimony, observed the demeanor of the witnesses, and considered the documentary evidence before finding appellant guilty. We find that the evidence establishing appellant as operator of the accident vehicle is not so weak that the jury's verdict seems clearly wrong and manifestly unjust, and the evidence contrary to the verdict is not so strong that the jury's verdict is against the great weight and preponderance of the evidence. The evidence of appellant's operation of the accident vehicle was factually sufficient.

*Zuniga v. State*, No. 07-05-0469-CR at *2-3 (citations omitted) (footnote omitted). The state appellate court overruled petitioner's claims and affirmed the trial court's judgment.

On February 11, 2008, petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals appealing the state appellate court decision. *Ex parte Zuniga*, No. 115-08. On April 23, 2008, the Court of Criminal Appeals refused the petition.

On April 7, 2009, petitioner filed a state application for a writ of habeas corpus alleging the following grounds:

1.   "Delayed prosecution resulted in denial of effective assistance of counsel, loss of possible exculpatory evidence, and [a] fair trial";

2.   Denial of right to confrontation and cross examination;

3.   "Mistaken identity";

    4.       "Erroneous deadly weapon finding"; and

    5.       Ineffective assistance of counsel for failure to:

          a.       pursue DNA testing of blood in the vehicle to demonstrate petitioner was not the driver of the vehicle but, instead, was the passenger; and

          b.       argue admission of the hearsay testimony of the bystanders amounted to a violation of the Confrontation Clause.

*Ex parte Zuniga*, No. 72,043-01. In its answer, the State argued most of petitioner's contentions "were essentially raised on the direct appeal of his conviction," and need not be reconsidered in the habeas proceeding. The State further argued petitioner had not demonstrated the remaining contentions were meritorious. On June 3, 2009, the Texas Court of Criminal Appeals denied petitioner's habeas application without written order.

On June 18, 2009, petitioner filed this federal application for a writ of habeas corpus challenging his conviction on the same grounds raised on appeal and on state habeas review.[3]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is confined in violation of the Constitution and laws of the United States for the following reasons:

    1.       The State improperly "delayed prosecution" of petitioner for the offense;

    2.       Petitioner was denied his right to confront and cross-examine witnesses;

    3.       "Mistaken identity"; and

    4.       Petitioner was denied effective assistance of trial counsel because counsel failed to:

          a.       "pursue DNA testing" of the blood in the accident vehicle to

---

[3] Petitioner's habeas application was received June 22, 2009.

>   demonstrate petitioner was not the driver of the vehicle but, instead, was the passenger; and
>
> b. argue admission of the hearsay testimony of the bystanders amounted to a violation of the Confrontation Clause.

### III.
### STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall <u>not</u> be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless that person first shows the prior adjudication:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner filed a direct appeal and subsequently filed a state habeas application challenging the constitutionality of his conviction and sentence on the same grounds he asserts in this federal habeas proceeding. On direct appeal, the state appellate court overruled petitioner's claims on the merits, finding the evidence that petitioner operated the vehicle was factually sufficient, and that any error in the admission of the officer's testimony concerning the bystanders' statements was harmless. The state appellate court further found petitioner did not adequately preserve his claim that admission of the officer's testimony under the present sense impression exception to the hearsay rule violated petitioner's constitutional right to confront witnesses. The state appellate court affirmed petitioner's conviction. *Zuniga v. State*, No. 07-05-0469-CR. Following the direct appeal, petitioner presented his claims to the state trial court

in a habeas petition. The Texas Court of Criminal Appeals denied each of petitioner's grounds, raised on state habeas, without written order. *Ex parte Zuniga*, No. 72,043-01. The ruling of the Texas Court of Criminal Appeals constituted an adjudication of petitioner's state habeas corpus claims on the merits.[4] *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999); *cf. Ex parte Thomas*, 953 S.W.2d 286 (Tex.Crim.App. 1997); *Ex parte Torres,* 943 S.W.2d 469 (Tex.Crim.App. 1997) (under Texas law a denial by the Court of Criminal Appeals signifies the court addressed and rejected the merits of the claims). Therefore, the deferential standard set forth in 28 U.S.C. § 2254(d) is applicable to this case and must be demonstrated by petitioner. Consequently, this Court's review is limited to a determination of (1) whether petitioner has shown the state court's determination that petitioner's claims were without merit was based on an unreasonable determination of the facts in light of the evidence before the state court, or (2) whether petitioner has shown the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

IV.
## MERITS

### Delay in Arrest

The accident in question occurred on April 11, 2005. Petitioner was charged, by complaint, with a felony DWI for the April incident on July 15, 2005. *State v. Zuniga*, No.

---

[4] The term "adjudication on the merits" in 28 U.S.C. § 2254(d) addresses whether the state court's disposition of the claim at issue was procedural or substantive. *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir.2002) ( *en banc* ). Nothing in this case suggests the Texas Court of Criminal Appeals disposed of petitioner's claims on a procedural basis. *See Barrientes v. Johnson,* 221 F.3d 741, 778-80 (5th Cir.2000), *cert. dismissed,* 531 U.S. 1134 (2001) (setting forth analysis to determine whether state court adjudication was merits-based). The state court denial qualifies as a full and fair review of the grounds raised therein. This Court must treat the state court's "denial" as a merits adjudication of petitioner's state habeas application. *See Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999).

29481-00.  Petitioner was not arrested, however, until September 20, 2005.[5]  Petitioner was indicted by the grand jury on October 3, 2005.  *State v. Zuniga*, No. 51,621-E.  Petitioner's trial was held December 14-15, 2005.  Petitioner did not raise, before the trial court, any issue of prejudice due to any delay in prosecuting this case.

Although, by his first ground, petitioner complains of the 5-month delay in "charging" petitioner with this offense, in his reply to respondent's answer, petitioner clarifies he is complaining of the 5-month period between the date of the incident (April 11, 2005) and his *arrest* for the offense (September 20, 2005).  Petitioner argues such "delay" in arrest prejudiced him because it resulted in the loss of exculpatory evidence, *viz.*, blood samples in the car which, when analyzed for DNA, would have shown the blood on the driver's seat was not petitioner's blood, thereby establishing petitioner was not the driver of the vehicle.  Petitioner maintains such blood samples were not available when he was arrested because the vehicle was no longer accessible, and that this "delay" in arrest, which he attributes to the prosecution, thus deprived petitioner of a "meaningful opportunity to present a complete defense."  Petitioner contends that without the blood samples and DNA testing, counsel was prevented from rendering effective assistance and the denial of a "fundamentally fair trial and defense."[6]

In his answer, respondent construed petitioner's argument solely as an allegation of preindictment delay resulting in a violation of due process.  Again, in his reply to respondent's answer, petitioner clearly indicated he complains only of the time between the offense and his *arrest* and not of any delay in indicting him for the offense.  Moreover, the Court notes petitioner

---

[5] The record reflects that on November 8, 2005, petitioner, pursuant to his guilty plea, was convicted of evading arrest or detention on September 20, 2005, the date petitioner was arrested for the DWI offense which is the subject of this federal petition.

[6] As support for his claim, petitioner cites numerous cases addressing a plethora of different, unrelated issues.

was properly charged by complaint only three months after the offense and there is no indication the complaint was sealed.  Consequently, the Court construes this aspect of petitioner's first ground as a claim that the "delay" in *arresting* petitioner violated due process.  In considering a claim of preindictment delay, the consideration for a delay in arrest to violate due process, it must:  (1) cause the accused substantial, actual prejudice; and (2) must have been intentionally undertaken by the government to gain some tactical advantage or for some other impermissible, bad faith purpose.  *United States v. Crouch*, 84 F.3d 1497, 1514 (5th Cir. 1996).  To establish prejudice, the accused must offer more than mere speculation, rather, he must show evidence beneficial to the defense actually was lost and cannot be obtained from other sources.  *United States v. Gulley*, 526 F.3d 809, 820 (5th Cir. 2008).  Loss of evidence occurring before delay becomes improper are not considered.  *Crouch*, 84 F.3d at 1515 n. 27.  The burden is on the petitioner to prove both prongs of the test.  *Gulley*, 526 F.3d at 819.

     Petitioner has not demonstrated either prong of the test.  To prove actual, substantial prejudice from any delay in arrest, petitioner must show he did not have access to the evidence (evidence actually lost); that he was denied access to the evidence after and due to an improper delay; that blood samples could have been obtained from within the car and properly tested; that testing would have conclusively shown the blood on the driver's seat was not from petitioner; that exclusion of petitioner as the source of the blood on the driver's seat would have exonerated petitioner or, at the least, have been exculpatory; and that evidence that petitioner was not the driver was not available through other sources, to wit:  through the testimony of the unidentified, purported driver.  Petitioner has presented nothing more than conclusory statements as to any of the above necessary showings.  First, the automobile involved apparently belonged to petitioner's Mother and petitioner has not shown why he did not have access to the vehicle

earlier than his arrest. In addition, petitioner has not shown, and the record does not disclose, that either the police or the State prosecutor had any control over the timing of petitioner's arrest, or intentionally delayed his arrest to gain some tactical advantage or for some other impermissible, bad faith purpose. The record itself is silent as to why the authorities did not execute it for two months. Petitioner has failed to show any violation of due process due to actions of the State in delaying petitioner's arrest. Petitioner has failed to show he was denied a meaningful opportunity to present a complete defense due to any intentional delay in his arrest, attributable to the State prosecution. Nor has petitioner demonstrated he was denied a fair trial by any actions of the State or its agents in delaying petitioner's arrest. Petitioner's first ground should be DENIED.

## Right to Confront Witnesses

During trial, the State called as witnesses the paramedic who treated petitioner at the scene, and the two (2) police officers who responded to the accident. Officer Williams and Officer Pacheco testified, under the present sense impression exception to the hearsay rule, as to the statements of the bystanders who observed and/or came upon the accident and directed the officers to petitioner's whereabouts. Neither the State or the defense called the bystanders as witnesses during the trial. By his second ground, petitioner contends he was thus denied his constitutional right to confront and cross-examine witnesses.

During the trial, at the time of the admission of the Officer Williams' testimony concerning what the witnesses at the crash scene told him, defense counsel objected arguing the evidence was inadmissible as hearsay, for failing to identify which witness made which statement, and because counsel would not "have an opportunity to cross-examine those

witnesses." SOF, Vol. 2, at 156. Defense counsel renewed his hearsay and foundation objections during Officer Pacheco's testimony.

On direct appeal, petitioner argued admission of the testimonial evidence of the officers as to the bystanders' statements constituted a Confrontation Clause violation. Citing the state contemporaneous objection rule and interpretive case law, the state court of appeals specifically found the above-quoted statement by defense counsel did not adequately preserve for review "a contention that admission of the testimony would violate [petitioner's] rights under the Confrontation Clause," and refused to consider petitioner's claim. *Zuniga v. State*, No. 07-05-0469-CR at *4.

In his answer, respondent initially argues this Court is barred from considering petitioner's Confrontation Clause argument because of the state appellate court's explicit reliance on a procedural bar on direct appeal. That argument would prevail except for the fact that when the Texas Court of Criminal Appeals was presented with the issue on state habeas proceedings, that court denied the "confrontation and cross examination right violation" claim on the merits by denying petitioner's state habeas without written order. "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." *Hodges v. Epps*, 648 F.3d 283, 287 (5th Cir. 2011) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 801, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991)). Since the state court addressed the instant claim on the merits without mentioning the procedural bar during the last state review, the previously imposed procedural bar was removed. Consequently, this Court is not procedurally barred from reviewing petitioner's Confrontation Clause claim.

The Confrontation Clause of the Sixth Amendment provides: "In all criminal

prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford v. Washington*, 541 U.S. 36, 53–54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the United States Supreme Court held this provision bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." This case involves statements made to law enforcement personnel at a crime scene. Whether such statements are subject to the requirements of the Sixth Amendment's Confrontation Clause is determined by whether such statements are "testimonial." *See Davis v. Washington*, 547 U.S. 813, 817, 126 S.Ct. 2266 (2006). Only testimonial statements cause the declarant to be a "witness" within the meaning of the Confrontation Clause. *Id.* (citing *Crawford*, 547 U.S. at 51, 124 S.Ct. at 1354). "It is the testimonial character of the statement that separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause."

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Id.*, 126 S.Ct. At 2274-75.

Here, Officer Williams testified that upon arriving at the scene and finding the vehicle unoccupied, he observed the three individuals standing on the grass median between the access road and the highway. Williams indicated the bystanders were "flagging, waving at us as if they were wanting to give us some information or tell us something in regard to the accident," and that the bystanders came over to the officers. SOF, Vol. 2 at 154. Williams did not question the

bystanders, rather they volunteered "information as to the location of the driver of the vehicle that they saw exit the vehicle." SOF, Vol. 2 at 155. The bystanders described the events which were occurring in an emergency situation, and such statements were necessary for the officers to hear in order to address the ongoing emergency. Officer Pacheco's testimony confirmed the fact that the police were responding to an emergency when he testified that initially the primary purpose of his actions was the safety of the subject involved in the wreck. Consequently, the bystanders' statements were not testimonial and, while subject to the limitations upon hearsay evidence, were not subject to the Confrontation Clause. Consequently, the challenged testimony relating the statements did not amount to a violation of the Confrontation Clause. The state habeas court also found these statements were not testimonial based on their denial of petitioner's claim on the merits. Such findings are entitled are deference and will not be disregarded without petitioner meeting the AEDPA standards for doing so. Petitioner has not made such a showing, and his second ground should be DENIED.

## Mistaken Identity

During trial, Officer Williams testified as follows on direct examination:

Q. Corporal Williams, what did those witness (sic) tell you?

A. The witnesses stated that the subject they had seen exit the vehicle was currently over on the access road, I believe it is I-40 and Wilson. There's Harbor Freight, and then there's a small car dealership. I'm not sure of the name of it. But they said he was by the vehicles that were parked in the car dealership parking lot.

Q. Were they able to describe this person to you?

A. One subject stated that he was a Hispanic male in his twenties, wearing a white shirt and blue jeans.

SOF, Vol. 2, at 157. Officer Williams also testified petitioner matched the description given by

the bystanders noting, "He had the white shirt, blue jeans and, of course, the major injury to his head." SOF, Vol. 2 at 161. State's Exhibit - 17 (not admitted), Defense Exhibit - 1 and Defense Exhibit - 3, photos of petitioner wearing a neck brace and strapped to a gurney immediately after the accident, reflect petitioner is wearing a white shirt which is splattered with what appears to be blood.

On state habeas petitioner submitted an affidavit from Felipa Zuniga, his Mother,[7] which states:

> [U]pon going to the Northwest Texas hospital and picking up my son [petitioner] to bring him home after having been involved in a car collision and injured, I also received his property and clothing which he had been wearing on the April 11, 2005 date at question. Said clothing was in fact a black collar with white squares shirt and a pair of black denim jeans.

Ms. Zuniga attached a copy of photos reflecting a colored shirt and jeans which, from the black and white copies in the record, do not appear to be soiled with blood. With his federal habeas application, petitioner has submitted the same affidavit and photos.

By his third ground, petitioner contends the clothing he was wearing on the night of the accident did not match the description, given by the bystanders, of the clothing the driver of the vehicle was wearing. Petitioner contends this discrepancy raises an issue of "mistaken identity . . . as to who the driver actually was."

Petitioner is attempting to offer new evidence, not admitted at trial, to support an argument that, as best the Court can determine, he was either not present at the scene (which is contradicted overwhelmingly), or that his clothes were not blood stained (also contradicted overwhelmingly). On its face this argument is without any merit.

Even if the Court liberally construes this argument as a contention that the evidence was

---

[7]The vehicle involved in the accident was registered to Felipa Zuniga. SOF, Vol. 2 at 164.

factually and legally insufficient to support petitioner's DWI conviction, it fails. Petitioner appears to limit his sufficiency argument to a contention that the State did not adequately prove to the jury he was the driver of the vehicle involved in the accident because the bystanders' description of the clothing the driver was wearing did not match the clothing petitioner's mother attests she picked up from the hospital.

In Texas, factual sufficiency of the evidence is only reviewable on direct appeal. *Coleman v. Quarterman*, 456 F.3d 537, 546 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343, 127 S.Ct. 2030, 167 L.Ed.2d (2007). Such claims are not cognizable in state habeas proceedings and, if not presented on direct appeal, are procedurally barred from federal habeas corpus review. *Id.* Consequently, to the extent petitioner's argues the evidence in this case was factually insufficient to support his conviction, such claim is procedurally barred.

For purposes of federal habeas corpus review, a state conviction need only satisfy the legal sufficiency standard set out in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To determine the legal sufficiency of the evidence, a federal court must consider whether, viewing all the evidence "in the light most favorable to the prosecution, any rational trier of fact could have found the existence of facts necessary to establish the essential elements of the offense beyond a reasonable doubt." *Id.* at 318-19, 99 S.Ct. at 2789.

In making this determination, the reviewing court must resolve all credibility choices and conflicting inferences in favor of the fact finder. *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822, 121 S.Ct. 65, 148 L.Ed.2d 31 (2000). It is the fact-finder's responsibility alone "to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. The reviewing court must determine if the evidence is constitutionally

sufficient to support the conviction, *i.e.*, whether the evidence satisfied the "substantive elements of the criminal offense as defined by state law." *Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991).

As limited by petitioner's specific argument, the undersigned finds petitioner's contention that the State did not prove he was the driver of the vehicle because the bystanders' description of the clothing the driver was wearing did not match the description of the clothing petitioner's mother attests she picked up from the hospital is without merit. First, photographs of petitioner, strapped to the gurney, at the scene of the accident or immediately thereafter reveal petitioner was, in fact, wearing a white shirt. These photos reflect plaintiff's injuries and the white shirt is clearly splattered with what appears to be blood. The medical records submitted into evidence reflect petitioner's extensive facial injuries, and crime scene photos reflect a large amount of blood evidence. The testimony of the witnesses, as well as statements of the bystanders, was that the driver was bleeding severely from his injuries. Unlike the white shirt worn by petitioner in the photos taken at or near the time of the accident, the photos of the clothes submitted by petitioner's mother do not appear to be splattered with what appears to be blood. This same evidence was cited by the state appellate court in its factual sufficiency analysis. Secondly, the evidence of other clothing was never presented to the jury. The undersigned finds the evidence was legally sufficient, under federal standards, to support petitioner's conviction for DWI. Petitioner's claim of legal insufficiency is without merit and should be DENIED.

Assistance of Trial Counsel

Petitioner contends counsel was defective because he did not pursue DNA testing of the

blood found in the vehicle because such testing would have demonstrated he was not the driver of the vehicle but, instead, was the passenger. Petitioner also contends counsel was defective because he did not present controlling authorities to the trial court demonstrating admission of the hearsay testimony of the bystanders violated petitioner's "confrontation and cross examination rights."

Respondent has properly set forth the well known standard for reviewing claims of ineffective assistance of counsel in his answer. Such standards are hereby incorporated by reference.

This claim, that counsel was ineffective for not pursuing DNA testing of the blood in the car, is inconsistent with petitioner's argument in his first ground, to wit: that blood evidence was not available to petitioner as of the date of his arrest. Petitioner cannot have it both ways. Either evidence was accessible to the defense or it was not.

Further, as discussed above, petitioner has not shown DNA evidence was available to defense counsel or, if available, that testing would have produced evidence that exculpated petitioner in any way. Nor has petitioner shown how any DNA evidence would have demonstrated he was not, in fact, the driver of the vehicle but, instead, was the passenger. Petitioner has not demonstrated the prejudice necessary to establish counsel's failure to have DNA tests conducted on any blood samples in the car was ineffective. Also, as discussed previously, there was no violation of the Confrontation Clause in this case. Consequently, counsel was not deficient in failing to present authorities to the trial court concerning "confrontation and cross examination rights," nor was petitioner prejudiced by counsel's failure to do so. Petitioner's claim of ineffective assistance is without merit and should be DENIED.

V.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner EFREN ZUNIGA, JR. be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of May 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and

recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).